66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thanya AVELLAN; Joaquin A. Avellan, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70016.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 1
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Thanya Avellan and her son Joaquin, both natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ"), denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h), and granting voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 4
 Because the BIA clearly incorporated the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). "The factual findings underlying the decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts showing a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 6
 Avellan testified that in 1985 the Sandinista official in charge of the Ministry of Commerce and Industry canceled her license to operate her clothing and cosmetic store in retaliation for her decision to send her 12-year old son Roberto to the United States and her refusal to participate in pro-Sandinista activities. Avellan continued to operate her business without a license until she left Nicaragua in 1988, but had to pay substantial fines and had part of her business confiscated. She also testified that after her son left Nicaragua the Sandinista Defense Committee took away her food ration card and she had to buy food on the black market.
 
 
 7
 The IJ's finding that Avellan lacked a well-founded fear of future persecution is supported by substantial evidence, specifically the fact that the Sandinistas are no longer in control of the Nicaraguan government. In supplemental findings, the BIA noted that although the Sandinistas continue to control the Nicaraguan military and the police, Avellan's fear of persecution at their hands is not reasonable given that she had never been detained, arrested, or imprisoned by the Sandinista military or the police.
 
 
 8
 The BIA did not err by discounting Avellan's testimony of news stories reporting the killing of Nicaraguans who have returned home to reclaim property because Avellan did not furnish the articles or news releases for the record, and she failed to provide sufficient detail about the circumstances of those incidents. See Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994).
 
 
 9
 Avellan argues in the alternative that regardless of the risk of future persecution, she suffered past persecution sufficient under Desir v. Ilchert, 840 F.2d 723 (9th Cir.1988), and Matter of Chen, Int.Dec. 3104 (BIA1989), to entitled her to asylum. While past persecution alone may be sufficient, it is limited to situations in which the applicant has suffered "under atrocious forms of persecution." Acewicz, 984 F.2d at 1062 (citing Matter of Chen, Int.Dec. 3104 at 4 (BIA1989)); Desir, 840 F.2d at 729. The IJ found that the economic disadvantages experienced by Avellan did not constitute persecution. We cannot say that the evidence would compel a reasonable factfinder to conclude otherwise. See Saballa-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (confiscation of food discount card did not amount to persecution); Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982) (asylum claim requires more than "generalized economic disadvantage"). This is not a situation in which the economic deprivation was so severe that Avellan was deprived the necessities of life. See Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969).
 
 
 10
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Avellan has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 11
 Joaquin Avellan was included in his mother's application pursuant to Section 208(c) of the INA; therefore his claims for asylum and withholding of deportation are derivative of her claims. See 8 U.S.C. Sec. 1158(c).
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3